CARPENTER <i>vs.</i> FREELAND, Sheriff.

The deed of a debtor, which expresses a consideration, is evidence that the consideration passed, as against his creditors who afterwards obtain judgment.

And an admission made by the purchaser at the time of the purchase, that he was to pay the debts of the grantor, is admissible in evidence if offered as proof concerning the consideration of the purchase; if offered for any other purpose, the admission is not evidence.

REPLEVIN for certain machinery. Plaintiff claimed under a deed from S. G. Wheeler and wife, dated 6th December,

1837, of one undivided moiety of lands, dwellings, factory and machinery in Livingston county, subject to a mortgage of $10,000, to E. Reed. Also a deed from H. M. Wheeler and wife, dated 18th April, 1838, of remaining moiety "as conveyed to said H. M. Wheeler by said E. Reed," subject to a mortgage to Reed of $6000. Both deeds contained full covenants. H. M. and S. G. Wheeler were partners in the factory in 1837, H. M. residing at the factory, and S. G. at Paterson, New Jersey. Plaintiff was a son-in-law of S. G., and took possession of the factory in April, 1838. In the Autumn of 1837, the firm was in debt.

The defendant, as sheriff, on 17th May, 1838, levied on the machinery in suit, being part of that sold as above, under an execution at the suit of Gage & Reed against the firm of H. M. & S. G. Wheeler. Their judgment was perfected the 9th May, 1838, and there was a good deal of evidence as to debts and dealings between the parties, which it is unnecessary to detail. Defendant offered to show that plaintiff, at the time he purchased, agreed to pay the debts of the firm. The judge said he would receive this evidence if offered as proof of the consideration of plaintiff's purchase from the debtors; not being offered with that view, it was rejected, and exception taken. The judge charged, inter alia, that the deeds to plaintiff were evidence against the grantor's creditors of the considerations expressed therein. Verdict for plaintiff. Bill of exceptions.

*By the Court,* COWEN, J. The decision of the jury on the question of fraud can not be disturbed.

The admissions of the plaintiff that he was to pay debts of the firm from whom he purchased the property, and that he took subject to an obligation to pay, were proposed to be received by the judge, if offered as proof concerning the consideration on which the plaintiff purchased of the debtors. He denied their admissibility for any other purpose; and in this he was right. They could not be received to raise a trust or an equitable or other lien in favor of the defendant. He came to defend as sheriff under the statute of fraudulent conveyances. If there was any trust in favor of the credit-

ors, whose rights he represented, their remedy was in another form.

On the judge's charge the question is, whether the deed of a debtor, expressing a consideration, is evidence that the consideration passed as against his creditors who afterwards obtain judgment. I am of opinion that it is. They claim under him.

New trial denied.